[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 20, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-11993
Non-Argument Calendar

_____

Agency Nos. A097-250-661, A098-393-625

NURIA ROSA VERA,
JOSE ALBERTO QUIROGA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 20, 2009)

Before BIRCH, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioners, through counsel, seek review of the Board of Immigration

Appeals's ("BIA") decision denying their motion to reconsider a previous order that denied them withholding of removal relief. Vera argues that the BIA erred in finding that her treatment in her native Colombia did not amount to past persecution. We DISMISS IN PART and DENY IN PART.

## I. BACKGROUND

In 2005, Vera and her husband, Quiroga, (collectively, "petitioners"), natives and citizens of Colombia, were placed in removal proceedings by the Department of Homeland Security ("DHS") and served with a Notice to Appear ("NTA"), alleging that they entered the United States in October 1999 as nonimmigrant visitors. AR at 229, 245. The NTA charged Vera and Quiroga with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B) on the ground that they remained in the United States beyond the time authorized. Id.

Petitioners appeared for a master calendar hearing, admitted the factual allegations contained in the NTA, and conceded removability. Id. Vera filed her application for asylum, withholding of removal and Convention Against Torture ("CAT") relief.[1] Id. at 206-15. At a merits hearing, Vera indicated that no extraordinary circumstances justified further pursuing asylum beyond the one-year filing requirement. Id. at 73.

---

[1] Because Vera included her husband as a derivative applicant (AR at 207), at least as to asylum, the basis for his application was the same as hers. See 8 U.S.C. § 1158(b)(3)(A). Accordingly, we refer only to her unless the context requires otherwise.

At the hearing, Vera testified that she worked with the Liberal Party on "health brigades," which provided health-related services and information to low-income families in Colombia. Id. at 79-80, 82-84. She stated that she also participated in political activities for the Liberal Party. Id. at 84-85. As a result, Vera received phone calls and flyers threatening to kill her if she did not stop conducting health brigades and influencing people on how to vote. Id. at 86-87. On one occasion, a male carrying a pistol physically threatened her, demanding that she stop her work in the Liberal Party. Id. at 88-89. Vera did not report this incident to police. Id. at 90. Vera testified that, three months after she was physically threatened, members of the FARC seized and beat her, causing injuries to her face. Id. at 93, 95-97. Vera did not receive medical care for these injuries. Id. at 97. Vera left the country after receiving another threatening phone call. Id. at 98-99. She stated that she would still be in danger if she returned to Colombia, after more than an eight-year absence, because she would continue her work in the Liberal Party and continue to provide medical services. Id. at 101.

After the hearing, the Immigration Judge ("IJ") found that Vera was credible, but denied her applications for withholding of removal, finding that the harm she suffered did not amount to past persecution and that she did not show a clear probability that she would suffer future persecution. Id. at 59-62. The IJ also found that Vera's fear of harm was not objectively reasonable, especially given the

3

time she had spent away from Colombia, and that there was no indication that she would be singled out upon her return. Id. at 61-62. The IJ also denied CAT relief because Vera did not present any evidence that a public official or anyone acting with the government's acquiescence would torture her. Id. at 62-63. The IJ ordered petitioners removed to Colombia. Id. at 63.

Petitioners appealed to the BIA. Id. at 39-41. Vera asserted that the IJ erred by finding that she had not suffered past persecution, because the harm she suffered exceeded "mere" harassment, even though she had not received medical care for physical injuries. Id. at 27-28. She argued that the repeated threats, in combination with physical assault, amounted to past persecution. Id. at 28. She argued that the IJ erred in finding that she did not have a leadership role in the political party and, thus, did not have a significant risk of harm based on her political opinions, because the evidence showed that she helped organize the health brigades. Id. at 30. She also asserted that her credible testimony demonstrated that her persecution was based on her political activities, thus entitling her to protection through withholding of removal and CAT relief. Id. at 28-31.

On 15 August 2008, the BIA dismissed the appeal and agreed with the IJ's findings that Vera did not establish a clear probability that she would be targeted based on a protected ground. Id. at 15-16. The BIA affirmed the IJ's finding that Vera would not be tortured in Colombia. Id. at 16. Vera did not file a petition for

4

review of the BIA's decision.  <u>See generally</u> AR; Admin. Papers.

Instead, on 5 September 2008, petitioners filed a motion to reconsider with the BIA, asking the BIA to reconsider its order dismissing the appeal and denying Vera's withholding of removal application.  <u>Id.</u> at 9.  Vera argued that her physical harm exceeded "mere" harassment, that she was entitled to a presumption of future persecution based on past persecution, and that, as a result, the BIA erred in its interpretation of the applicable case law.  <u>Id.</u> at 9-10.

On 30 March 2009, the BIA denied the motion to reconsider, finding that, though Vera presented a "close case," the prior conclusion about whether she suffered past persecution was correct.  <u>Id.</u> at 3-4.  The BIA determined that it had properly considered the severity of harm as one factor in dismissing Vera's appeal. The BIA found no error in its initial determination that she did not establish eligibility for withholding of removal.  <u>Id.</u> at 4.  Because petitioners did not ask for reconsideration of the CAT claim, the BIA declined to address it.  <u>Id.</u>

On 20 April 2009, Vera and her husband timely filed a petition for review, asking us to review the BIA's 30 March 2009 order denying her motion to reconsider.  <u>See</u> Admin. Papers.

## II. DISCUSSION

Only the BIA's order denying the motion to reconsider is before us. Because Vera and Quiroga did not timely file a petition to review the BIA's initial

denial of the withholding of removal claim, they are now precluded from raising any claims related to that decision. INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (providing that an alien has 30 days to file a petition for review); Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004) (per curiam) (holding that the statutory time limit for filing a petition for review is "mandatory and jurisdictional" and, therefore, not subject to equitable tolling). Consequently, we are precluded from reviewing the merits of Vera's withholding of removal claim.

Quiroga, who was a derivative applicant on Vera's asylum application, has no standing to petition us. Even if we rendered a favorable decision, he would have no relief. See Kelly v. Harris, 331 F.3d 817, 819-20 (11th Cir. 2003) (holding that to have standing, a plaintiff must show that an injury would be redressed by a favorable decision). This is because, unlike with asylum, there are no derivative benefits associated with a grant of withholding of removal. Delgado v. U.S. Att'y Gen., 487 F.3d 855, 862 (11th Cir. 2007) (per curiam).

"We review the BIA's denial of a motion to reconsider for abuse of discretion." Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007) (internal quotation marks and citation omitted). "Our review is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1149 (11th Cir. 2005) (per curiam) (internal quotation

6

marks and citation omitted). "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision and shall be supported by pertinent authority." 8 C.F.R. § 1003.2(b)(1). On the other hand, a motion to reconsider that merely restates arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision. See Calle, 504 F.3d at 1329. "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider." Id. (quoting 8 C.F.R. § 1003.2(b)(1)).

The motion to reconsider reiterates arguments heard and rejected by the BIA in its prior decision. The motion to reconsider argues that the IJ erred in finding that Vera's treatment did not amount to past persecution. AR at 9. This is the same error alleged in the original appeal to the BIA. Id. at 17. The motion to reconsider argues that the IJ erred in holding that the severity of injuries had been insufficient to establish past persecution. Id. at 9. ("[The IJ] opined that such cruel treatment was not enough to prove past persecution because [Vera] did not require medical attention"). This point was already argued in the original appeal to the BIA: "[The IJ] erred in concluding that [Vera] has not suffered past persecution . . . because 'she did not require medical attention after the incident.'" Id. at 27. The decision denying the motion to reconsider cites this argument and discusses in detail the question of physical harm. Id. at 3. The motion to reconsider further

7

argues the incidents of harassment were frequent enough to amount to past persecution: "[Vera] was threatened on many occasions and as such the matter can not be viewed as one presenting an isolated event." Id. at 10. Counsel for Vera made this point in the appeal to the BIA: "[Vera] was threatened on numerous occasions." Id. at 28. The BIA addressed this point in its decision, finding that the IJ had properly considered all of these various incidents cumulatively. Id. at 3.

The motion to reconsider reiterates arguments previously presented to the BIA. Under our jurisprudence, it fails to specify "'errors of fact or law' as required for a successful motion to reconsider." Calle, 504 F.3d at 1329 (quoting 8 C.F.R. § 1003.2(b)(1). The motion to reconsider does not present the BIA sufficient reason to change its prior ruling. As a result, we find that the BIA did not abuse its discretion in denying the motion to reconsider.

### III. CONCLUSION

Vera's motion to reconsider effectively mirrored arguments made previously on appeal to the BIA, which were already considered and duly rejected. Consequently, the BIA's denial of Vera's motion to reconsider was neither arbitrary nor capricious. We dismiss the petition in part and deny it in part.

**PETITION DISMISSED IN PART, DENIED IN PART.**